Case number 17-1204-L. Richard Liljeberg, Appellant v. Cmsnr. of Internal Revenue Service. Ms. Rosen for the Appellant. Ms. Bredinger for the Appellant. Thank you, Mr. Chairman. Good afternoon, Judge Rogers, and may it please the Court. There are three points I'm going to make for why the tax court should be reversed in this case, but first to set the table. Almost a century ago, Congress enacted a statute which allows taxpayers to deduct ordinary and necessary expenses incurred in carrying on a trade or business, including traveling expenses while away from home in the pursuit of a trade or business. In 2012, three foreign college students who left their homes in Russia, Finland, and Ireland came to the United States as part of a Department of State work travel program. They worked temporary jobs for no more than 120 days, returned to their homes, and filed non-resident U.S. income tax returns claiming away-from-home travel deductions. Those expenses were disallowed by the IRS upon audit, and the tax court sustained the IRS's disallowance on the basis that they were not away from home because they had no business connection to their home countries before they came to the United States. There is no evidence that Congress intended, when it used in the statute the term home, to have any unusual or special meaning beyond its First, the court found that a prior business connection to the taxpayers' original home was required. It is not. Second, because the taxpayers' work assignments were of a temporary nature, the business exigencies test of flowers, which the Supreme Court stated in its 1945 decision, does not apply. And even if the business exigencies test did apply, it was not by the taxpayers in this particular case. So let's take those in order. The commissioner has argued in this case, and as it argued in the Hanses case, upon which it primarily places its position and the tax court, that the taxpayer has to have a pre-existing business or else he's not in the pursuit of business. Now, that pre-existing business position was provided by the First Circuit in Hanses to not be supported by the case law, and it's inappropriate to the policies underlying the statute. The policies underlying the statute is that a deduction is intended to exclude from income expenses that were a cost of producing income, and recency of employment has nothing to do with that. In Hanses, the government cited both the flowers case and the Eighth Circuit's decision in Jantz. Now, it found the flowers case in Hanses to be as equivocal on this prior business connection as the statutory language which it was construing on the term home. Mr. Rubin, I think part of what the authorities that require a pre-existing business relationship with the home, what they're getting at is the notion that there has to be some logic to the commute, but I think the Ninth Circuit formulates it rather well in the Coombs case, and I wonder whether this is a definition that you would accept, is that the taxpayer's home can be its usual place of abode, but that it shifts to the new location of, shifts to the vicinity of a new job if the job is a permanent job or a job of indefinite duration. So that you don't have someone who lives far away and who says, great, I'm going to keep my house because I like it and because I want to be here for recreational purposes, and I'm going to deduct all my travel expenses. That's clearly the commissioner's concern, but if you have this idea that home is, as you posit, home is home, except that it has to shift to within the vicinity of a permanent or indefinite job, does that satisfy you? Well, I would say this. The Supreme Court in Hanson, or not in Hanson, in Flowers did deduct the question of what is home, but it did decide under the business exigencies test that when you have an indefinite or an indeterminate employment situation, then it is a place of employment. That's the presumption, and then you look at the question of what motivated the taxpayer to keep two places of residence. If it was a business concern, then it is one where it is allowed, even in an indeterminate situation. If it is a personal choice, then it is not allowed, and that is exactly the situation which presented itself in Flowers. In Flowers, you had a taxpayer who was a lawyer in Jackson, Mississippi. The company was in addition to the taxpayers at issue in that case. He had continued to live in Jackson even though his job had changed to Jackson, Mississippi. I'm sorry, to Mobile, Alabama. For that reason, the court said, wait a second, in an indeterminate type of situation, you have to look at the business exigencies. You look at the business exigencies of the employer. No business exigency or business purpose of the railroad was satisfied or compelled him Here, I think you may have a similar problem, which is that the statute requires for the traveling expenses to be deductible, that they be incurred in the pursuit of a trade or business. Here, I think you've made a good case, or a case that one reasonable person could agree with, that the student work and travel program requires these students to be away from home, but not in the pursuit of their trade or business as much as in pursuit of a cultural exchange. I wonder what your response is to that. I would say that it isn't the pursuit of a trade or business. Here's why. In order to participate in this particular program, this is not just a pure cultural exchange program. It is a work-travel program, and one of the requirements of the program is that the students work here in the United States. They have to have employment that has to be pre-approved by a sponsor, has to be approved. They have to prove that to the Department of State, and only then are they entitled to then obtain a visa and come to the United States to perform that job. Now, what's different about, for instance, the Flowers case is that at the whether or not the business of being an employee was in fact a trade or business. That has now been decided. The tax court in the Primath case has determined that expenses necessitated I'm sorry, in which case? I just didn't catch the name. It's Primath, P-R-I-M-U-T-H. It's 54 TC 374, and it recognized that expenses necessitated by the exigencies of an employee's business are deductible. So in this particular case, when these individuals come over here as employees, under the requirement that they are working in a trade or business over here, that is in pursuit of their trade or business as an employee. I'm not sure I'm catching the distinction that you're trying to make, because the employer hires many people who are not part of the student work and travel program. And I understand that the student work and travel program requires that there be some employment and that it be far from home. That's the whole point. But it's not the employer's exigency or even the trade or business of the student that commands it. It's the idea that the State Department, in the exercise of its policy-making role, says this would be good for humanity if these people mixed up and understood one another better. Well, in order to employ these individuals, the individuals are only allowed to come if they have a visa, which requires them to work and to have residency over in a foreign country. But for the fact that they get the visa, they could not be employed by the employers here. All of these services are of the kind that require presence. I mean, being a maid, being a lifeguard, being a waiter, all require presence. So if the employers do wish to employ these individuals, they have to meet the requirements of the program, which require them to obtain a visa, one of the requirements of which is to have a job and to have residency in their foreign country. What if I were my child who's under the age of employ, wants to work at a summer camp, and the state in which the summer camp is located requires that there be some, you know, youth employment waiver or permission obtained in that state, and my child gets that permission so that they can work as an underage worker in this salutary temporary work? Would the, under your principle, would the travel expenses of going to and from the state where that camp is be deductible? If it is a temporary situation, the answer would be yes. If it was an indefinite situation, then perhaps not, because then we'd be looking at business exigencies. But the temporary test that the Supreme Court recognized, that the tax court has imposed upon the business exigencies test, there is no reason to inquire as to why you have to have two residences in a temporary situation, because there is only one residence in those situations. While you have traveled to somewhere else, it's not reasonable for a taxpayer in a temporary situation to pick up and move his family and his center of interest to a place that he's only going to be at temporarily. And so that's the reason why the tax court recognized that temporary exception. The government, or the Supreme Court, recognized that and purified. And the temporary exception has been widely accepted thereafter. I mean, in Frederick, an Eighth Circuit case, and I'm quoting from 603 F. Second 1295, they recognized that a taxpayer's discretion as to where he lives is severely limited or nonexistent when employed for temporary time. And for that reason, his choice of residence is considered to be a business, not a personal reason. What if I'm an adjunct professor hired from year to year? Is a year long less than a year, nine months? Is that temporary? That would be temporary. And I like to live in Paris, because it's great in the summertime. And then every school year, I come and I re-up in Washington, D.C., and I deduct the expenses of flying to Washington and having a place to live here and going back to Paris for the summertime. Under your theory, those expenses would also be deducted. Because they are temporary. That would be correct. The difference is the business exigencies test applies in situations where there is an ambiguous situation that involves indefinite or indeterminate employment. And the business exigencies test sorts out the taxpayer's reasons for having two homes, business versus personal. If it's business, it's allowable. If it is personal, then it's not allowable. But the temporary exception applies when, due to the short-term nature of the job, the taxpayer is not expected to or required to maintain a formal second home with a place of employment. And in those situations, no inquiry as to business reasons. I want to take you back to your beginning just for a moment. You have different levels of resistance. But is it your position, at least your first position, that there cannot be a different meaning of home for tax purposes and for other residential purposes? Yes, it is. That is your first position. That is our first position. But you're willing to assume, for sake of second and third positions, that we would not necessarily agree with that, that there could be, if you would, a term of art definition for tax purposes for the word home. You asked me to take an awful lot of ground with you if we were to reach that first conclusion. Correct. You are correct, Ron. Our first position is that the word home is not a term of art. It is a simple term, common English, which means a permanent place for a long time. It seems to me that the expanded term tax home has been used in a lot of different contexts for a lot of years now, often shortened just to home when you're dealing with the tax question. You don't have to win on that question to win. You have other fallback positions that you've been discussing with Mr. Pillard, right? I don't have to win on that position. I can win on my fallback positions. For example, even if you were to find that the business exigencies test applies here, I believe we win on the business exigencies test because you look at these people and they are required to maintain their residency over in the foreign country in order to be able to hold this employment. It's much like the situation that we cited to with Judge LeBlanc in the LeBlanc case out of the Fifth Circuit. He was a Supreme Court justice in Louisiana. He was required to maintain residency in his home district while he became a Supreme Court justice of Louisiana. They said that is sufficient, and they allowed that. That's a business reason. And on that basis alone, we believe we would win, recognizing that you do not have to accept our definition of home. Thank you. All right. Shall we hear from counsel for the IRS? Thank you. Good afternoon, and may it please the Court. My name is Nora Bringer, and I represent the Commissioner in this appeal. The taxpayers in this case were foreign college students in 2012. When they spent their summers working as a lifeguard in the Wisconsin Dells, as a housekeeper on San Juan Island in Washington State, and a waiter in Montauk, New York, they seek to deduct their travel expenses and, in the case of Mr. Conway, some living expenses that he incurred during that employment. Now, the general rule in the Internal Revenue Code is in Section 262, and that provision says that personal, living, and family expenses are not deductible. The idea is that one's basic living expenses, something to eat, a place to live, and a place to sleep, are to be paid for with taxable income. That's the general rule. Now, the exception at issue here is in Section 162A2, which provides for this deduction for traveling expenses while away from home in the pursuit of a trade or business. And the purpose of that deduction is to mitigate the extra expenses that are incurred by a taxpayer who must live in one place and work in another for business reasons or maintain two residences due to the requirements of his or her trade or business. The Supreme Court has held that a deduction is a matter of legislative grace and must be strictly construed. On flowers, the Supreme Court established a test- Ms. Springer, the tax court relied on Hanses and, in particular, embraced the notion that only a taxpayer who lives in one place, works in another, and has business ties to both can deduct travel expenses in connection with a temporary employment location. And that seems to me to swallow up the entire purpose for Congress in enacting this provision, which is if you have someone who really doesn't have a principal place of business, often people who are self-employed and work in a lot of different places, an orchestra extra, the bridge construction expert who goes wherever the bridge is being built on his or her own dime, the forensic expert who travels around the country testifying in cases and doesn't have a business reason to go back home but needs a home somewhere, that's, I thought, the core of what this provision is about, so I'm having trouble reconciling that with the tax court's embrace of Hanses. So the IRS has issued guidance that essentially lays out a three-step process for determining somebody's tax home or whether they have a tax home at all. The first step is determining whether taxpayers, in fact, have a principal place of business. Now, here we know that these students who were here for the summer worked in one place for four months, and the government's position is that where they worked, in Wisconsin, in Washington State, and in New York, was their principal place of business. Now, I think what you're talking about, Your Honor, is a situation where somebody does not, in fact, have a principal place of business. And in that case, there are a number of factors that the service would look at to determine whether a person's abode could be their home. Those factors look at things like do they perform work there, how often are they there, those kinds of things. And then there is another class of taxpayers, which may include some of the people that you're thinking about, who do not, in fact, have what most of us would think of as a permanent residence or a place that they live. There are cases about traveling salespeople who stay in hotels all year long and don't, in fact, incur any duplicate living expenses. And so that idea comes into play in determining whether itinerant taxpayers have a tax home at all. Here our position is that these taxpayers were not in that position. They had one job, and that job was in the United States in the locations we've talked about. It's difficult to say that for non-tax purposes their homes weren't their homes. Each of these persons came from another country where they had normal living arrangements. They went back to that country where they had normal living arrangements. And conceding the possibility of the concept of a tax home, it isn't very accurate. It doesn't sound very accurate to say they didn't have homes except for the tax home. Am I wrong about that? No, Your Honor. I would agree with you about that. But the key is that the tax court and most courts of appeals to address the issue have held that home for purposes of this deduction means a principal place of business. And this court in York embraced this concept without looking at the away-from-home phrase and said a man's living expenses while he is carrying on his business at his regular place of business are personal and not business expenses. And the Supreme Court, although it dodged this question of what away-from-home means in flowers, got there in essentially the same way. The court said that business trips are to be identified in relation to business demands and the traveler's business headquarters. Now in flowers, the taxpayer lived in Jackson but worked in Mobile. That was the taxpayer's business headquarters. And the court said the travel expenses were not allowed, looking at where he actually worked. What's clear from the many courts who have defined home and from the courts who haven't but have reached the same results through other provisions of the statute is that the only business expenses deductible are those for travel and living away from a taxpayer's principal or regular place of business. Again, the only regular place of business for these taxpayers were in Wisconsin, Washington State, and New York. And there's nothing about their work as a lifeguard or a housekeeper or a waiter that in the words of flowers forced them to travel or live temporarily away from where they worked. So you're saying that the summer camp and the waitering and housekeeping jobs that these students have were their principal place of business? Yes, Your Honor. So if somebody wants to be a dancer, a professional dancer, and they're in school in Paris and training, and then they get a break to go and dance in Atlanta, and they travel and do that work and then go back home hoping for the next gig in Madrid and the next gig in Buenos Aires, that person could not deduct their travel expenses even though, because by your logic, the place they went even temporarily in Atlanta was their principal place of business because they weren't working when they were in Paris at home? So there are a few things to unpack there, and I'll try to do them, but please remind me if I miss something in there. So there are some workers who are people who do not have a principal place of business, and whether somebody has a principal place of business is likely a question of fact for the original court to determine. So in your example, we would have questions about how long the dancer who lived in Paris worked somewhere else. Where else did he or she work during the year? I'm positing that it was short term. It was for the season of a particular show, because that's the way you get these gigs if you're not in a core. So if that person did one season in New York and another season in Beijing and a third season in Rome, let's say, then there are cases that look at identifying where that person's principal place of business is, and those cases look at things like how many days were they in each location, how much of their income did they earn from each job, and that kind of thing. And so that could come into play with your hypothetical. But what if they don't have a principal place of business? They just do seriatim temporary jobs because that's the nature of what they do. So if they don't, if there's no temporary place of business, again the IRS is Principal. You said temporary, but there's no principal place of business. Then the IRS's guidance is that the service would first look to whether they indeed have a residence, such that they're incurring duplicate living expenses. That's where that comes into play is this question of are they incurring duplicate living expenses. And if they're not, if there's somebody who's truly itinerant, who has no home as most of us would think of that, then they are never away from home because they don't have a home to begin with and their expenses are not deductible. There's a number of cases about itinerant workers that come into that provision. That's not what we have here. Why not? Because there's not proof of duplicative living expenses, or because they're living with their parents, or because their home country homes are not their homes. I'm just trying to probe why you say their principal place of business is away at a temporary job, where I think there are a lot of other examples I can think of where they wouldn't have a principal place of business based on such a short-term stint, and their home would be their actual residence. Sure. So the fact is in this case that these taxpayers only had one job and that they did it for several months. And so when you look at that tax year, 2012, and say, well, where's their principal place of business, the only jobs that are at issue here are those that they did in the United States. That seems odd to me. I mean, I know this is very hard to get all the examples, but if my ballerina, for example, living in Paris, for a period of two or three years she only gets that one gig in Atlanta. She's still waiting and working and getting better. And then in year three, four, and five she's going to be in Rome and Barcelona and Sao Paulo and Sydney. So it is part of a career. It's just that she hasn't gotten lucky yet. And how just conceptually under the tax law can we distinguish this situation? So there are close questions here. And looking at the cases, there are times when courts have said, you know, somebody who was working somewhere for eight months out of the year was in a temporary job, and sometimes the courts have said they are not in a temporary job. And the courts tend to look at a number of the other factors around the taxpayers. But let me say that no— I'm sorry to interrupt you. I just want to make sure that I get this question out, which is what about just saying that taxpayers did not incur these expenses in the pursuit of the trader business, but rather in pursuit of a cultural exchange? So this is the point that I was going to turn to next. So thank you for bringing us to that point. This record is fairly limited, and we don't actually have any information about the intent of these particular taxpayers. But I think this kind of a program does invite that question. Unfortunately, it's not in the record here. But what I will say is that there's no court of appeals that has held that for temporary employment, there is an exception from the Flowers test. And there's no suggestion in the Supreme Court's opinion in Flowers that it applied only to permanent employment. The First Circuit certainly reached that conclusion in Hanses. And the Seventh Circuit in Wilbert was dealing with an airline mechanic who was laid off from his work in Minneapolis and then worked a number of temporary gigs around the country, was held to not be able to deduct his business expenses because he did not have a business reason to keep his home in the Minneapolis suburbs. And so that was the Seventh Circuit's reasoning in that case. The Ninth Circuit has also discussed Hanses with approval in the Henderson case, which was about an itinerant worker, but it discussed Hanses with approval. And I'll also note that the Fourth Circuit and the Supreme Court in the Porifoy case assumed but did not decide that there was some kind of exception for temporary employment. And they certainly didn't say that temporary employment was an exception from the Flowers test. The Fourth Circuit in Porifoy, in fact, said that the deduction was allowed only when an individual already has a well-established tax home and leaves that well-established tax home to do work elsewhere. I'd like to say a few words about the visa requirements at play here. The taxpayers' argument is that they did have a business reason to maintain two residences because of the visa requirements. The tax court correctly held that visa holders in the taxpayers' position are not required to maintain a second place to live in their home countries. No court has held this, as the tax court noted, and the taxpayers have pointed to no cases on point. In preparing for oral argument, we, in fact, confirmed that the State Department does not interpret this provision to require them to have a second place to live in their home countries while they're here. And indeed, if that was the holding, it would have some consequences for other visa holders. You're saying this is their principle of business, but they can't stay long term. They're prohibited from staying in these jobs long term. Yes, that's true, Your Honor. Doesn't that cut against the notion that this is indefinite or permanent work? Or you're saying that's separate from principle of business? So, I'm sorry, I'm not sure I understand your question. Well, the notion that when you move somewhere for a job that becomes your tax home, it makes sense to me when you're moving to an indefinite or permanent job. It's a little harder to compute when you're moving for a job that everybody knows is short term to then call that your principle place of business. Sure. So, the idea of the deduction, again, is to provide relief for the typical taxpayer who does have living expenses in one place and is required by work to move somewhere else. In this case, that was not actually the case. First of all, the immigration requirements didn't require them to maintain a second home. So, to the extent they had two homes, such that they were away from home, there's no requirement in the immigration law that they do that. Secondly, any of those requirements were not directly connected to the trade or business of being a lifeguard, a waiter, or a housekeeper. And if someone has business reasons to maintain their- that this provision is directed at, they could live on the street side for all anybody cares. I mean, that's some of these sad cases where someone apparently couldn't even afford to have a home. It's not that the program needs to require it. It's that you allow someone to have a home who's a traveling person, right? And you allow them to deduct the expenses because it's coherent. It's not voluntary. It's part of the kind of field that they're in, that they have to go hither and yon. So, the government certainly agrees that taxpayers can live anywhere they would like to. The question is whether they're entitled to this deduction for their expenses. And where a taxpayer has business reasons to maintain their original home, then there's reason for them to receive a deduction for having to go somewhere else, for having to maintain a second home for purposes of business. But where someone has no business ties and chooses to go somewhere else to work for a few months, that's an entirely different situation from what Congress was anticipating. Again, the general rule is that taxpayers are responsible for paying their living expenses with taxable income. And if a taxpayer chooses to live in Paris and then take a job in Chicago for a few months, that's the taxpayer's choice. It's not a business reason that's motivating them to have a home in one place and temporarily work elsewhere. I just have one question, which has bedeviled me, which is what do you make of the statement in Parafoi that temporary work is accepted from the requirement that the travel be required by the exigencies of business? Your Honor, I'm looking at the Parafoi case. Do you happen to have a page number where that is? Oh, mine is page 16. It's a short case. So here the Supreme Court says to this rule, the rule in flowers, the tax court has engrafted an exception which allows a deduction for expenditures of this type. And then it says the respondent, in that case the commissioner, does not in the present case challenge the validity of this exception to the general rule and then goes on to find that the work in that case was not, in fact, temporary. So in this case, in Parafoi, it's a matter of the commissioner not challenging that rule and the Supreme Court apparently assuming for purposes of that case that it applied and indeed not having to reach that issue because it found that the employment was not temporary. Are there any other questions from the panel? Thank you. Thank you very much. Counsel for appellants? If I might pick up on the existence of the temporary rule and its purposes, there is no doubt that there is a temporary rule which applies. The tax court came up with this, and Parafoi, the Supreme Court, recognized the existence of the temporary exception to the business exigencies test, and we've cited in our briefs virtually every circuit court of appeals that has considered this issue other than, in fact, the Seventh Circuit recognized it in the Wilbur case, and the First Circuit recognized it in the Hansis case, but put this business connection limitation on it. But it exists. There is a temporary exception, and, in fact, it was put in the statute in 1990. It was put in because it said now anything over a year will not be considered temporary. So the temporary rule exists, and the question is, why does it exist? Why is there an exception to the business exigencies test? And the reason is because when it's temporary, the taxpayer is not considered to have two homes, whereas in indefinite and indeterminate situations, the taxpayer is determined to have two homes. Then you have to look at business reasons to determine, personal versus business, in indefinite and indeterminate. But in the temporary situation, that same inquiry is not necessary. So going back to the Hansis case then, Hansis fundamentally misunderstood that and let in through the back door this business connection requirement, which it recognized didn't exist when it was discussing the in pursuit of a trader business. And that's the reason why it got bolloxed up in its decision. The fact of the matter is there is no business connection which is required. Here the travel is for business. The commissioner tries to ignore this threshold mandatory requirement. This is a work travel program. You have to have a job. You come over here on a job or you don't get the visa. It's appealing in its simplicity, your position, but the problem I have with it is that basically if I live in Des Moines and I just think I'm going to go wait tables at high-end restaurants in San Francisco for six months and L.A. for six months and Miami for six months and New York for six months because I think that would be fun, I get to deduct all my living expenses and travel expenses going hither and yon and then I go back to my home in Des Moines. And that doesn't seem like what the commissioner or what the Congress had in mind. Well, and what you posit is a situation where there's no reason for that taxpayer to be maintaining the second home bill. Well, no, there is because the taxpayer's not staying in any one of those places. They don't have a center of gravity anywhere else. Well, in an itinerant case, for tax purposes, for purposes of Section 162, a taxpayer can have only one home at any particular point in time. What you've posited is an itinerant situation, and in an itinerant situation, the taxpayer's not considered to have any home because they travel from place to place to place. No, I think the whole point, the core point of this provision was for someone who works on contract hither and yon and doesn't have a logical place to go be near work but wants to work, and maybe there's work that is by its nature only available to far-flung,  versus work that, hey, actually you could do it near home and just stick with it, and the only reason you're going around is because you think it'd be fun. So it's hard to see how that's captured by a test that's very elegant, but I get it. Yes, and again, we're back to then what is the definition of home and what is the requirement of a temporary exception. Thank you. All right, thank you. We'll take the case under advisement.
judges: Rogers, Pillard, Sentelle